# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1833
Lower Tribunal No. 09-1001-A-K
_____

## Nicholas Christopher Ferro,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal from the Circuit Court for Monroe County, Luis Garcia, Judge.

Law Offices of Jason T. Forman, P.A., and Jason T. Forman (Fort Lauderdale), for appellant.

Ashley Moody, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Durousseau v. State, 218 So. 3d 405, 410 (Fla. 2017) ("Judicial scrutiny of counsel's performance must be highly deferential." (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984))); Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000) ("[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct."); see also Peede v. State, 955 So. 2d 480, 494 (Fla. 2007) ("The fact that [defendant] produced more favorable expert testimony at his evidentiary hearing is not reason enough to deem trial counsel ineffective. Postconviction experts have the benefit of hindsight, and of researching for a long period of time the factual circumstances surrounding the case with the benefit of the trial record." (internal citation omitted)); Henry v. State, 948 So. 2d 609, 620 (Fla. 2006) ("When determining whether counsel's performance is deficient, our duty is to make every effort 'to eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from counsel's perspective at the time [counsel prepared for trial].'" (quoting Strickland, 466 U.S. at 689)).